

**FILED**

APR 20 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON N. HAYES,<br><br>    Petitioner,<br><br>vs.<br><br>ANTHONY HEDGPETH, Warden,<br><br>    Respondent. | No. C 11-00161 JW (PR)<br><br>ORDER TO SHOW CAUSE; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docket Nos. 2 & 3) |

Petitioner, a state prisoner incarcerated at the Salinas Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Petitioner has filed a motion for leave to proceed in forma pauperis, (Docket No. 2), and a motion for appointment of counsel, (Docket No. 3).

## BACKGROUND

According to the petition, petitioner was found guilty by a jury in Alameda County Superior Court of murder. (Pet. at 2.) Petitioner was sentenced to 75 years to life in state prison on October 24, 2008. (Id.)

Petitioner appealed the conviction; the state appellate court affirmed the conviction and the state high court denied review. (Id. at 3.) Petitioner filed the

instant federal habeas petition on January 11, 2011.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Legal Claims

Petitioner raises the following grounds for federal habeas relief: 1) the trial court erred by failing to suppress evidence of petitioner's prearrest statement to police; 2) there was insufficient evidence to support the first degree murder conviction; 3) the trial court erred by failing to hold a trial on petitioner's insanity plea; 4) the trial court erred by denying petitioner's motion to dismiss based on ineffective assistance of counsel; and 5) inconsistent eyewitness testimony. (Pet. at 6-7.) Liberally construed, petitioner's claims 1 thru 4 appear cognizable under § 2254 and merit an answer from respondent. Claim 5 fails to state a violation of federal right, and therefore is DISMISSED.[1]

### C. Motion for Appointment of Counsel

Petitioner has filed a motion for appointment of counsel. (Docket No. 3.) The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).

---

[1] The Court also notes that petitioner may not have exhausted Claim 5, as it was not included in his petition for review to the California Court of Appeal, (Pet. Attach), and the petition does not indicate that this claim was presented to the state courts through collateral review.

Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims were adequately presented in the petition. Consequently, the interests of justice do not require appointment of counsel in the instant case, and the request for appointment of counsel is hereby DENIED. Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision *sua sponte*.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall

file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

5. Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 2), is GRANTED.

6. Petitioner's motion for appointment of counsel, (Docket No. 3), is DENIED without prejudice.

This order terminates Docket Nos. 2 and 3.

DATED: April 15, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MILTON N. HAYES,

        Petitioner,

v.

ANTHONY HEDGPETH, Warden,

        Respondent.

Case Number: CV11-00161 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __4/20/11__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Milton N. Hayes G37758
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960

Dated: __4/20/11__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk